The document below is hereby signed.

Signed: September 27, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MAJID CHAABAN, | ) | Case No. 15-00626 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| McCORDIA M. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. |
| MAJID CHAABAN, | ) | 16-10009 |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff's motion for partial summary judgment must be denied. The evidence upon which the plaintiff relies lacks sufficient detail to support a conclusion that 11 U.S.C. § 727(a)(3) or § 727(a)(7) requires a denial of discharge. I refer to the related entities by the shortened names used in the motion for partial summary judgment.

I

Hometrust is the insider entity that filed a bankruptcy case of its own and that forms the basis for the plaintiff's seeking a denial of discharge under § 727(a)(7).  Hometrust was the sole owner of a subsidiary, Fort Stevens, LLC, and the lack of records of the subsidiary is part of the basis for the plaintiff's motion.

The debtor argues that under § 727(a)(3), failing to maintain the recorded information of a business organization that is not the debtor does not implicate § 727(a)(3).  *See In re Spitko*, 357 B.R. 272, 307–08 (Bankr. E.D. Pa. 2006) (collecting cases).  The debtor also argues that this same principle applies to an insider described in § 727(a)(7) such that § 727(a)(7) would not apply to a failure on the part of Hometrust to maintain recorded information of Fort Stevens, LLC, a subsidiary of Hometrust.  However, as stated in *In re Mahfouz*, 529 B.R. 431, 449 (Bankr. D. Mass. 2015) (footnote omitted):

> Failure to keep adequate corporate records has been found by some courts to be a valid consideration for denial of an individual's discharge under § 727(a)(3), where a debtor, such as here, was the sole owner of and conducted business through a closely held corporation.  *See Wachovia Bank, N.A. v. Spitko (In re Spitko)*, 357 B.R. 272, 308 (Bankr. E.D. Pa. 2006)(court concluded that the financial records of closely held entities were needed for the trustee and creditors to have accurate information concerning the debtors' assets that might be available for liquidation); *Sterling Int'l, Inc. v. Thomas (In re Thomas)*, No. 01-6321, 2003 WL 21981707, at *11 (Bankr. D. Idaho July 17, 2003) ("[I]n situations where the facts indicate that a debtor exercised control

2

>   over and conducted business through a closely held
>   corporation, § 727(a)(3) inquiries cannot be artificially
>   limited to those records that are, strictly speaking,
>   those of the debtors."); *Phillips v. Nipper (In re
>   Nipper)*, 186 B.R. 284, 289 (Bankr. M.D. Fla. 1995)("A
>   debtor's discharge cannot be denied where production of
>   corporate financial records is inadequate because the
>   corporation is a separate entity[;]" however, denying the
>   debtor's discharge under § 727(a)(3) because debtor, as
>   the sole officer and shareholder of a corporation, failed
>   to keep or preserve records from which his business
>   transactions might be ascertained.). *See also* Lawrence
>   P. King, 6 Collier on Bankruptcy ¶ 727.03[3][e](16 ed.
>   rev. 2010)("All books and records that are material to a
>   proper understanding of the debtor's financial condition
>   and that are not merely personal books or records are
>   within the scope of [§ 727(a)(3)]"). Accordingly, the
>   Court's consideration of the adequacy of the Corporate
>   Debtors' records under the facts of this case is
>   warranted for purposes of § 727(a)(3), although the
>   Trustee did not advance an alter ego or veil piercing
>   theory.

The plaintiff asserts that "Hometrust did not maintain sufficient financial records to verify that a $203,000 debt in favor of Valor Development [owed by Hometrust's subsidiary, Fort Stevens, LLC] existed."  This does not pan out.

First, the record is confusing and unclear as to what records *were* provided.  No affidavit has been filed detailing what records were supplied.

Second, the plaintiff asserts that "actual records show substantially less" owed than what was testified to.  The "actual records" were not appended to the motion.  Moreover, the testimony cited by the plaintiff to support this assertion (that the records show that substantially less was owed) was that there was $135,000 in "hard costs," but it is possible that the "soft

costs" brought the total to the recited note amount of $203,000. *See* Dep. Tr. at 37, lines 19-22, and 39, lines 4-8. The deed of trust itself reflects that $203,000 was the principal amount of the note.[1]

Third, the debtor points to deposition testimony in which he indicated that as to financials of Fort Stevens, LLC (the subsidiary of Hometrust, an insider of the debtor that itself filed a bankruptcy case), he would have to defer to his brother because "I really don't mess with the financials." That suffices to create an issue as to whether the debtor (as opposed to his brother) failed to maintain financial records. In any event, that testimony raises an issue whether, within the meaning of § 727(a)(3), "such failure to act was justified under all of the circumstances of the case," a defense that applies as well to § 727(a)(7). The cited testimony casts the blame on the debtor's brother because the debtor was not responsible for that part of the subsidiary's (Fort Stevens, LLC's) affairs. The plaintiff's reply inappropriately attempts to add a document (Hometrust's *Operating Agreement*) that was not part of the motion. It is of questionable relevance, moreover, because it is the subsidiary's (Fort Stevens, LLC's) operations that are at issue, and also

---

[1] If the promissory note has not been kept, that might constitute a failure to keep records from which the debtor's financial affairs can be ascertained: the deed of trust does not reflect interest payable on the promissory note, but the promissory note would.

because the *Operating Agreement* makes clear that the debtor's brother was also a manager.

## II

The motion does establish that "Hometrust did not maintain a general ledger or other accounting records in 2015." However, there is nothing in the record that allows me to conclude that keeping such a general ledger or other accounting records in 2015 was necessary in order to ascertain the financial condition or business transactions of Hometrust. There is no evidence of whether Hometrust was operating in 2015. Moreover, nothing shows which brother was responsible for maintaining the financial records of Hometrust.

## III

The motion also relies on the fact that "Fort Stevens LLC has never had its own bank account, filed taxes, or maintained any financial or accounting records." However, it is not at all clear from the deposition transcript whether Fort Stevens, LLC engaged in any business other than having its parent (Hometrust) incurring expenses for it that were then covered by new deeds of trust against Fort Stevens, LLC's property. Although that may be a sloppy way to run a subsidiary, the transcript does not establish that the existing records do not suffice to ascertain the financial condition or business transactions of Hometrust. In any event, there is the issue of which brother was responsible

5

for maintaining the financial records of Hometrust.

                                IV

Finally, the plaintiff points to the debtor's failure to file a tax return for 2014.  However, § 727(a)(3) does not specifically provide for a denial of discharge based on failure to have filed a tax return.  Instead, it provides in relevant part for a denial of discharge only if "the debtor has . . . failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained."  The testimony of the debtor at the deposition sets out that the debtor did file taxes for 2013, and was on extension for 2014, and the reply filed by the plaintiff to the opposition to the plaintiff's motion fails to address this point.  The plaintiff's motion fails to address whether other adequate records exist from which the debtor's financial condition and business transactions may be ascertained.  Some decisions hold that the failure to file tax returns for prepetition tax years may be a basis for denying a discharge, as a failure to keep recorded information necessary to ascertain the debtor's financial condition or his business transactions.  However, I doubt (without further briefing of the issue) that there is a per se rule that a failure to file a tax return automatically requires a denial of discharge even if there exist other adequate records from which the debtor's financial

                                6

condition and business transactions may be ascertained.  The failure to file personal tax returns is most likely not a determining factor under § 727(a)(3), but it is a factor to be considered.  *See In re Spitko*, 357 B.R. at 310.  The plaintiff has not provided any analysis of the decisions addressing the impact of a failure to file tax returns on a debtor's eligibility for a discharge.  Without a substantial briefing of the issue, I decline to grant summary judgment on the issue, and, at least at this juncture, conclude that the record on this motion fails to provide sufficient detail to address whether the failure to file a return for 2014 warrants a denial of discharge.

V

In light of the foregoing, it is

ORDERED that the plaintiff's motion for partial summary judgment is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.